■ In the Matter of BARBARA LUND et al., Respondents, v OLIVER EDWARDS et al., Constituting the Board of Appeals of the Village of Head-of-the-Harbor, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Head-of-the-Harbor which affirmed the Village Building Inspector's denial of the petitioner O'Connor's application for a building permit, the appeal is from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered March 7, 1985, which granted the petition, annulled the determination, and directed the Board to grant the petitioners a minimum area variance.

Judgment affirmed, without costs or disbursements.

By letter dated June 27, 1984, the Building Inspector of the Village of Head-of-the-Harbor denied the application of the petitioner O'Connor for a building permit on the ground that the "building plot size [was] less than two acres" as required by, *inter alia,* Local Laws, 1984, No. 2 of the village. Thereafter, petitioners O'Connor and Lund (who had sold the land to O'Connor) appealed this determination to the appellant Board. By decision dated October 6, 1984 the Board affirmed the Building Inspector's denial of a building permit solely on the ground that the lot upon which the petitioner O'Connor sought to build was part of a larger lot which had been illegally subdivided, i.e., subdivided without the necessary approval of the Village Planning Board 11 years before.

The record, however, indicates that despite the Board's awareness of the alleged illegal subdivision, it (1) directed the Building Inspector, by a decision dated July 14, 1984, to issue a "new" building permit to a Dr. Gleason, the owner of the second lot which had been created as a result of the illegal subdivision, and (2) specifically noted in that decision that although Gleason's lot also did not comply with the two-acre requirement provided for in Local Laws, 1984, No. 2 of the village, construction thereon would "cause no harm to the neighborhood" and was "not in contravention of the public interest".

The Board's decision in the matter involving the Gleason property effectively, in the words of Special Term, "sanctioned" the original subdivision, and the Board cannot now utilize the alleged illegal subdivision as a ground for denying the application of the petitioner O'Connor. Moreover, although the Building Inspector's denial of a building permit to the petitioner O'Connor was based on the insufficient area of his lot, the record clearly demonstrates that the petitioner O'Connor has demonstrated a "practical difficulty in the use and development of his property" unless granted an area variance *(Matter of Fuhst v Foley,* 45 NY2d 441, 447) and the Board has failed to demonstrate that a denial of the requested variance would serve any public purpose. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.