(December 29, 1989)

■ VIDMANTAS K. BRIEDIS, Respondent, v VILLAGE OF TUXEDO PARK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to issue a building permit, the appeal is from an order and judgment (one paper) of the Supreme Court, Orange County (Nicolai, J.), dated February 1, 1988, which denied the appellants' motion to dismiss the proceeding on objections in point of law and granted the petition to the extent of directing the appellants to issue a building permit to the petitioner.

Ordered that the order and judgment is modified, on the law, by adding to the provision that the appellants are directed to issue a building permit on condition that they do so only after the resubmission by the petitioner of the plot plan bearing the seal of the engineer who amended the plan at the appellants' request to reflect the location of the sewer and water lines; as so modified, the order and judgment is affirmed, without costs or disbursements.

Since 1980 the petitioner has attempted to obtain a building permit to construct a single-family residence on a lot he owns in the Village of Tuxedo Park. In 1981, the Village Building Inspector approved the petitioner's plans. The plans are stamped with the seal of a New York State registered architect. However, the Village Board of Architectural Review (hereinafter the BAR) refused to approve the plans as aesthetically acceptable. Over the next two years, the petitioner filed three administrative appeals from the BAR's adverse determinations with the Village Board of Zoning Appeals (hereinafter the BZA). After the BZA twice remitted the application to the BAR for further review, the BZA disposed of the third administrative appeal by confirming the BAR's denial of petitioner's application. In the interim, the petitioner's architect, whose seal is stamped on the plans, retired to a distant geographical area. In May 1983, the petitioner commenced a proceeding pursuant to CPLR article 78 to review and set aside as arbitrary and capricious the determinations of the BAR and

the BZA disapproving his application for a building permit. By judgment dated November 20, 1984, the Supreme Court, Orange County, after a hearing, granted the relief requested and directed the BAR to approve the petitioner's plans and application. Additionally, the court ordered that the petitioner be issued a building permit. This judgment was subsequently affirmed by this court (Matter of Briedis v Briggs, 119 AD2d 751).

Thereafter, the petitioner submitted his application for a building permit to the Village Board of Trustees for their approval, a prerequisite for issuance of a permit. On the two occasions the application was on the Board of Trustees' agenda, it deferred making a decision. It is noteworthy that the petitioner's engineer complied with the Board of Trustees' request to amend the plot plan to reflect the location of water and sewer lines. Although the Board of Trustees did not specifically find any fault with the proposed location of those lines, it indicated at its meeting on May 18, 1987 that the altered plan could not be approved unless it bore the seal of an engineer or architect licensed in this State. By letter dated August 12, 1987, the petitioner's attorney demanded that the Board of Trustees approve the application so a permit could be issued in accordance with the aforenoted judgment of the Supreme Court. By letter dated August 26, 1987, the Board of Trustees refused the petitioner's demand.

On or about October 13, 1987, the petitioner commenced the instant proceeding against the village, the Board of Trustees and the Building Inspector to compel the issuance of a building permit in accordance with the prior judgment of the Supreme Court. The appellants moved to dismiss the proceeding on objections in point of law. Specifically, the appellants contended that the proceeding was barred by the four-month Statute of Limitations (CPLR 217) and that the relief requested could not be granted because the plans did not contain the seal of an architect or engineer licensed in this State, in accordance with Education Law § 7209 (1) (a); (2). The motion was denied and the court directed the appellants to issue a building permit.

Contrary to the appellants' contention, for reasons stated by Justice Nicolai in the order and judgment appealed from, this proceeding is not time barred. Furthermore, the hearsay allegations in the appellants' motion papers are legally insufficient to rebut the authenticity of the architect's seal affixed to the petitioner's plans (see, Bernstein Co. v Popolizio, 97 AD2d 735; see also, Richardson, Evidence § 644 [Prince 10th ed]).

Nor do the moving papers suffice to create a triable issue of fact as to the petitioner's compliance with Education Law § 7209 (1) (a), since the appellants do not allege that the petitioner's now retired architect was not licensed by this State at the time the plans were drafted and submitted to the Building Inspector and the BAR for approval. In view of the inordinate lapse of time which ensued prior to the petitioner's submission of the plans to the Board of Trustees, which is attributable to the dilatory tactics of the village's various administrative boards, the appellants are barred by laches from now contesting the validity of the seal. However, at the request of the Board of Trustees, the plot plan was amended by the petitioner's engineer to identify the location of sewer and water lines. Education Law § 7209 (2) requires the altering engineer to affix to the amended plan "his seal and the notation 'altered by' followed by his signature and the date of such alteration, and a specific description of [the] alteration". Accordingly, the relief requested in the petition should have been granted on condition that the petitioner resubmit the subject plot plan to the Board of Trustees bearing the seal of the altering engineer in compliance with Education Law § 7209 (2).

We further reject the appellants' contention that the petition should not have been granted before the service of an answer pursuant to CPLR 7804 (f), particularly in view of the history of patently arbitrary and capricious objections raised by the village's administrative boards for the purpose of delaying the issuance of a building permit. A review of the record, including the minutes of the meetings of the Board of Trustees pertaining to the petitioner's application for a building permit, discloses that the court was fully informed of all issues and that the appellants could not have raised any defense not contained in their motion papers. No purpose would be served by remitting the matter to the Supreme Court for service of an answer other than to continue to deprive the petitioner of the reasonable use of his property (see, Matter of DeVito v Nyquist, 56 AD2d 159, 161, affd 43 NY2d 681; Siegel, NY Prac § 567, at 796; cf., Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs., 63 NY2d 100). Rubin, J. P., Sullivan and Harwood, JJ., concur.

Balletta, J., dissents and votes to reverse the order and judgment appealed from, on the law, and to grant the appellants' motion to dismiss the proceeding, with the following memorandum: A proceeding pursuant to CPLR article 78 in

the nature of mandamus to compel requires that there be some ministerial duty involving no exercise of discretion which the law mandates some office or officer to perform *(see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 97; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:4). At bar, the appellants have no duty to issue a building permit to the petitioner. Nor are they collaterally estopped by this court's prior decision in *Matter of Briedis v Briggs* (119 AD2d 751), since they were not parties to that proceeding and the issues raised in the instant proceeding were not litigated in that proceeding. Finally, it should be noted that the appellants have not denied a permit to the petitioner; rather, they have continually indicated that they would consider his request upon the submission of a proper application therefor.