■ In the Matter of BRIAN RAUER, Appellant, v STATE UNIVERSITY OF NEW YORK, UNIVERSITY AT ALBANY, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered July 7, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' determination suspending him upon a disciplinary finding of academic dishonesty.

Petitioner was found guilty of academic dishonesty, in violation of student guidelines, by respondent Committee on Student Conduct for cheating on an economics examination and for offering false excuses in respect to his failure to attend the final examination in that course.* Petitioner has acknowledged that he cheated and argues in this proceeding that he was denied his due process rights and that the penalty of suspension that was imposed on him in his senior year was excessive. Supreme Court dismissed petitioner's application on the merits, finding that the record disclosed petitioner had been afforded both substantive and procedural due process and that the penalty imposed was not so harsh as to shock the court's sense of fairness. This appeal ensued.

Initially, petitioner contends that Supreme Court erred in dismissing his petition on the merits when respondents had

---

* Petitioner sat for the subject examination and purposely submitted an illegible blue book. That evening, he answered the examination after referring to and copying from recognized treatises dealing with the examination's subject matter. On the following day, petitioner employed a person to submit the blue book he had prepared after the examination and to tell the professor that the person had found it on the floor of the examination room. When the professor recognized that some of the answers were taken verbatim from recognized treatises, he confronted petitioner, who first denied but later admitted what he had done. In regard to his failure to take the final examination, petitioner first had his girlfriend report that he was hospitalized due to a motor vehicle accident. This proved to be a falsehood instigated by petitioner which he finally admitted. Petitioner then failed to attend the make-up examination and later claimed that he thought the examination had been scheduled for a different date.

submitted only a notice of objection in point of law pursuant to CPLR 7804 (f) before answering the petition. In support of his argument, petitioner cites CPLR 7804 (e), (f) and this court's decision in *Matter of Miller v Regan* (80 AD2d 968, 969). However, those statutes and the cited authority stand only for the general proposition that it is error to grant a petitioner *affirmative relief* before a respondent has had an opportunity to respond to the allegations contained therein *(see, Matter of Nassau BOCES Cent. Council of Teachers v Nassau County Bd. of Coop. Educ. Servs.,* 63 NY2d 100, 103). Therefore, petitioner's objection to the dismissal of his petition before respondents' answer is not well taken. To the extent that CPLR 7804 (f) provides that when a motion to dismiss a petition has been denied (as it was here) the respondent must be given an opportunity to answer, we find such provision inapplicable since the undisputed facts were fully presented in the parties' papers *(supra,* at 102).

In regard to petitioner's claim of lack of procedural due process, this claim cannot be raised for the first time on judicial review of the administrative determination. It must first be made at the administrative level *(see, Matter of Hennekens v State Tax Commn.,* 114 AD2d 599, 600; *see also, Matter of Valvano v Jones,* 122 AD2d 336). On his administrative appeal, petitioner sought only a mitigation of his punishment and made no reference to any procedural defect; he cannot do so now.

In any event, we find untenable petitioner's contention that he was entitled to the procedures set forth in the State University of New York at Albany's "Rules and Regulations for Maintenance of Public Order". These rules have no application when the charge is "academic dishonesty", since that charge is not contained in the list of "prohibited conduct" under paragraph (3) of the rules. The procedures relating to violations pertaining to academic dishonesty are set forth in part six of the student guidelines. Under these guidelines, petitioner received all the process required in these circumstances *(see, Matter of Mary M. v Clark,* 100 AD2d 41).

Petitioner had notice of the charge; a hearing was held and petitioner was granted an opportunity to be heard and to offer testimony at the hearing; he had an opportunity to be assisted at the hearing by an advisor, who in this case was petitioner's father; and petitioner was informed in writing of the findings of the Committee on Student Conduct, of his right to appeal and of the discipline imposed. In our view, petitioner was afforded adequate due process.

Finally, we find that the penalty imposed was not harsh and excessive, considering the seriousness of the charge and petitioner's failure to admit his wrongdoing in a forthright manner. In these circumstances, suspension as of May 18, 1989 with an opportunity to apply for readmission in the spring of 1990, and following graduation permitting a request to be made to remove the disciplinary letter from his student file, is not shocking to our sense of fairness. The petition was correctly dismissed by Supreme Court.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.