**15** In the Matter of PELLEGRINO J. TOZZO et al., Respondents, v BOARD OF APPEALS ON ZONING OF THE CITY OF NEW ROCHELLE, Appellant.

The petitioners own certain unimproved property in the City of New Rochelle. They applied for a building permit to construct a parking lot for six vehicles on that property to be used solely in conjunction with their medical practice, which is located in an office building approximately one block from the property. Their application for a building permit was denied for the reason that the lot's front and side-yard setbacks would be nonconforming. The petitioners applied to the appellant for the necessary area variances. After a hearing, the appellant denied the application for the stated reason "that the construction of a parking lot in this particular residential area is not in character with the surrounding neighborhood". At no point did the appellant or the Bureau of Buildings of the City of New Rochelle ever indicate that the petitioners were in need of a use variance, as opposed to the area variances which were denied.

The petitioners subsequently brought this proceeding, asserting that the appellant's determination was arbitrary and capricious, and constituted an abuse of discretion. Prior to serving an answer, the appellant moved to dismiss the petition for failure to state a cause of action pursuant to CPLR 7804

(f). In its supporting papers, the appellant asserted, *inter alia,* that it had been presented with no evidence demonstrating that the petitioners faced "practical difficulties" in using the property within the confines of the zoning ordinance. In opposition, the petitioners argued that the lot was of insufficient size to permit, consistent with the zoning ordinance, its use for any purpose other than as a parking lot. The appellant did not challenge this assertion.

A review of the record reveals that no dispute as to the facts relevant to the denial of the area variances was presented to the court, and that no prejudice resulted from the granting of summary judgment to the petitioners without having provided the appellant the opportunity of serving an answer *(see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100, 102; *Briedis v Village of Tuxedo Park,* 156 AD2d 744; *Matter of Rauer v State Univ.,* 159 AD2d 835; *cf., Matter of Ten Mile Riv. Holding v Jorling,* 150 AD2d 927). The appellant's assertion that it was denied the opportunity to assert that the petitioners were required to obtain a use variance for their proposed parking lot is irrelevant in connection with the challenge to the propriety of the denial of the petitioners' application for the area variances in question.

On the merits, the Supreme Court correctly determined that the appellant's determination was arbitrary and capricious. The appellant's entirely conclusory assertion that a parking lot would be out of character with the surrounding neighborhood was on its face an insufficient reason for the denial of the area variances *(see, Matter of Salierno v Briggs,* 141 AD2d 547). In addition, the record sufficiently demonstrated that the petitioners' lot fell short of the minimum size required for any other use under the zoning ordinance. Therefore, the petitioners' claim of "practical difficulties" was established *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Matter of Niceforo v Zoning Bd. of Appeals,* 147 AD2d 483, 485; *Cange v Scheyer,* 146 AD2d 594; *Matter of Lund v Edwards,* 118 AD2d 574). Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur.