OPINION OF THE COURT
Judith A. Hillery, J.
Petitioner, Honess 52 Corp., commenced this CPLR article 78 proceeding to obtain an order directing respondent, Eloise Widholt, the Town Clerk of the Town of Fishkill, to issue petitioner a certificate for default approval of petitioner’s preliminary plat pursuant to Town Law § 276 (8) due to respondent Planning Board of the Town of Fishkill’s failure to act on petitioner’s application within 62 days following the closing of the public hearing on that application. Respondents now move to dismiss the complaint pursuant to CPLR 7804 (f) on the grounds that petitioner’s application for subdivision approval is subject to review under the State Environmental Quality Review Act (ECL art 8 [SEQRA]) and, because no SEQRA review has occurred at this time, petitioner’s application is incomplete and it may, therefore, not obtain approval by default under Town Law § 276 (8).
In response to the motion, petitioner primarily relies on Town Law § 276 (5) (d) and (4) and argues that respondents deemed its application for preliminary subdivision approval complete by scheduling a public hearing. Petitioner also relies upon the Court of Appeals decision in King v Chmielewski (76 NY2d 182) and Town Law § 276 (8), for the proposition that respondent Planning Board’s failure to render a decision within 62 days after the close of that public hearing entitles it to a default approval of its preliminary subdivision application. Petitioner takes issue with respondents’ claim that its application is subject to SEQRA requirements. According to petitioner, its application is exempt or excluded from SEQRA review pursuant to ECL 8-0111 (5) and 6 NYCRR 617.5 (c) (34) because it was approved prior to the effective date of SEQRA, and/or pursuant to 6 NYCRR 617.5 (c) (37) because development of the property at issue had been mandated by prior judicial order. Finally, petitioner argues that even if its project is not exempt *59 or excluded from the requirements of SEQRA, a final environmental impact statement (hereinafter EIS), which was previously prepared and adopted by respondent Planning Board in 1990, identified all potentially significant environmental impacts on the property of a much larger proposed development and that that EIS is sufficient to grant site plan approval of petitioner’s smaller development proposal without requiring a supplemental or new EIS for petitioner’s proposal.
In reply, respondents challenge petitioner’s argument that its application was exempt or excluded from SEQRA review based on a purported approval of that application prior to the enactment of SEQRA or the purported mandate to that effect contained in a prior judicial order. Respondents reiterate that petitioner’s application for subdivision approval required SE-QRA review and that, notwithstanding their possible premature convening of a public hearing on preliminary approval in order to solicit public comment, the complete lack of SEQRA review for petitioner’s application mandates a denial of its petition for default approval under Town Law § 276 (8) because SEQRA review is a condition precedent to default approval under that section. Respondents also argue that the EIS, which was prepared in 1990, addressed the environmental impacts of an entirely different project whose preliminary approval had long ago expired and is not sufficient to address the environmental impacts of petitioner’s application as required by SE-QRA.
The property which petitioner seeks to develop has been the subject of previous litigation. In 1966, the Town of Fishkill rezoned the property at issue, consisting of 62 acres on Honess Mountain in the Town of Fishkill, to cap its potential residential development to 31 dwelling units. In 1972, an entity known as Green Mountain Estates, Inc., purchased the property and sought to effect a zoning change for the property to accommodate a 500 dwelling unit development. The rezoning request was denied and litigation ensued in which Green Mountain sought to vitiate the 1966 rezoning and acquire judicial approval of its rezoning request.
Green Mountain and the Town of Fishkill ultimately negotiated a stipulation of settlement which established a fixed maximum dwelling count of 337 units on the parcel and defined how a specific project would be approved if and when it was proposed in the future. The stipulation was entered into by Green Mountain and the Town Board of the Town of Fishkill on May 6, 1977, more than four months prior to the effective date of SEQRA.
*60 In 1987, Green Mountain conveyed title to the property to an entity known as Ridgeview Associates which applied to respondent Planning Board for site plan approval of a 337-unit condominium project. Thereafter, Ridgeview Associates participated in an extensive review of environmental impacts as required by SEQRA. A positive declaration was issued by respondent Planning Board, thereby requiring the submission of a draft EIS by Ridgeview Associates, a public hearing on the draft EIS, and the preparation of a final EIS which responded to public concerns and comments. Throughout extensive modification, Ridgeview Associates declined to analyze project alternatives which included a reduction of the proposed 337 dwelling unit count in reliance upon the bifurcated scheme established in the 1977 stipulation of settlement.
On May 10, 1989, respondent Planning Board issued a finding statement on the Ridgeview Condominium project as required by SEQRA and final site plan approval was granted on June 28, 1990. This approval was subject to the Town Code requirement for commencement of construction within one year. However, the Town of Fishkill passed immediate legislation which authorized possible extensions of the one-year deadline for site plan approval to a maximum of three years. Thereunder, the maximum life for the Ridgeview Condominium site plan approval was June 28, 1993.
After approval of the final site plan, concerned citizens commenced an article 78 proceeding against the Planning Board to overturn its administrative determinations (see, Matter of Gallagher v Planning Bd., Dutchess County, Hillery, J., index No. 2820/89). Petitioners challenged the legality of this 1977 stipulation of settlement and attacked the adequacy of the Planning Board’s SEQRA review of the Ridgeview Condominium project for the agency’s failure to examine or impose a project alternative involving fewer dwelling units. The Town of Fishkill vigorously defended the agency’s actions in the article 78 proceeding arguing that Ridgeview Condominium was entitled to 337 clustered residential units under the stipulation of settlement and that that entitlement, and that entitlement alone, was exempt from SEQRA review because it resulted from the court mandate contained in the stipulation of settlement.
By decision dated April 17, 1990, this court issued its determination in Matter of Gallagher v Planning Bd. Addressing the Gallagher petitioners’ argument that the Planning Board had failed to comply with SEQRA by considering the reduction in the number of allowable dwelling units, this court stated: *61 “Since the town respondents’ approval for Ridgeview Associates to construct 337 dwelling units on the Honess Mountain parcel was exclusively a ministerial act based on the stipulation and did not involve the exercise of discretion as to the number of allowable units, the project is exempt under ECL 8-0105 (subd. 5, par ii); (6 NYCRR 617.2 (q) (1). Nevertheless, the Town of Fishkill Planning Board, while not exploring lower density alternatives to the project, did address over the two year site plan review process the following environmental concerns under SEQRA as well as requiring draft and final environmental impact statements from the developer: hydrology, geology, soils and topography, vegetation, wildlife, wetlands, utilities, socio-economic conditions, community services, traffic, visual quality, air quality, historic resources, solid waste and zoning. These environmental reviews were all conducted prior to a finding statement being issued and site plan approval being granted.” This court expressly held that the number of dwelling units allowed in the Ridgeview Condominium project, and that alone, was exempt from SEQRA review because the stipulation of settlement was entered into prior to the effective date of SEQRA and as a result of court action. This court rejected the Gallagher petitioners’ challenge to the Planning Board’s approval of the Ridgeview Condominium project and dismissed the petition.
Shortly after obtaining site plan approval, the Ridgeview Condominium project failed and the Ridgeview Condominium site plan approval expired, at the latest, on June 28, 1993. Thereafter, in December 1993, petitioner, Honess 52 Corp., acquired the subject property. Petitioner then began an extended period of negotiations with respondent Planning Board regarding the proposed project at issue in this proceeding. However, notwithstanding the more than three years within which those negotiations occurred, both parties contend that SEQRA review, and its applicability to the project, was never discussed. Such a contention is nothing short of remarkable given the scope of petitioner’s 130-unit proposal on Honess Mountain.
Petitioner contends that SEQRA review was never discussed because both parties understood that petitioner’s application was exempt or excluded from SEQRA under the Green Mountain stipulation of settlement and this court’s decision in Matter of Gallagher (supra). Petitioner argues that respondents have merely raised concerns about SEQRA review at this late date in order to delay approval on the project and allow the stipulation of settlement to expire on December 31, 2000.
*62 In contrast, respondents argue that the plain language of the stipulation of settlement compels a conclusion that the only issue which is exempt from SEQRA review is the maximum number of dwelling units, which was fixed at 337 units. Respondents also rely on this court’s prior order for the proposition that only the maximum number of dwelling units is exempt from SEQRA review.
This court agrees with respondents that the only issue exempt from SEQRA review under the 1977 stipulation of settlement is the maximum number of dwelling units permissible on the subject property on Honess Mountain. Contrary to petitioner’s reading of the stipulation of settlement, its terms bifurcate the issues of maximum dwelling unit count from site plan review of all other aspects of any proposed project. Specifically, the stipulation authorized up to a maximum of 337 dwelling units on the property using a clustering concept. That right exists until December 31, 2000 and runs with the land and inures to the benefit of Green Mountain and/or its assigns and/or its successors-in-interest.
However, the 1977 stipulation imposed no mandate on the Town Board of the Town of Fishkill to approve any and all development applications up to a maximum of 337 clustered dwelling units. Rather, the stipulation reserved the Town of Fishkill’s right to exercise its discretionary review of all aspects of proposed development on the subject property, with the exception of the number of dwelling units permissible up to a maximum of 337 units. Specifically, paragraph 5 of the stipulation retains respondents’ “right to make determinations in relation to the site plan ordinances and rules, subdivision regulations, road, drainage and sewer specifications so long as said determinations are not discriminatory against the property.” Such a review concerns the type of issues that SEQRA is now meant to address.
Ridgeview Associates, petitioner’s predecessor-in-interest, recognized this principle when it participated in comprehensive SEQRA review of its Ridgeview Condominium project on all issues except those having to do with the maximum number of dwelling units. Moreover, this court, in its decision dated April 17, 1990, confirms such a reading of the stipulation of settlement. Thus, petitioner’s application is subject to SEQRA review on all issues but the maximum number of dwelling units.
Petitioner argues that even if it is subject to SEQRA review, respondent Planning Board deemed its application complete when it scheduled and held a public hearing on its preliminary *63 application and respondent’s failure to act within 62 days of that hearing entitles petitioner to default approval of its application pursuant to Town Law § 276 (8). Petitioner alleges that respondent Planning Board has acted in bad faith in negotiating with petitioner for more than three years regarding the project and raising the requirement that they subject their project to SEQRA review at an extremely late point in the application process in order to allow the stipulation of settlement to expire, derail petitioner’s proposed project, and preserve Honess Mountain as a public park. Petitioner contends that respondent had an obligation to require SEQRA review much earlier in the process, and certainly prior to completion of a public hearing, and that it should not be rewarded by failing to do so. Instead, petitioner seeks to have respondent’s determination to schedule and hold a public hearing on petitioner’s application deemed a determination by respondent that petitioner’s application was “complete” prior to the public hearing and that petitioner is therefore entitled to a default approval pursuant to Town Law § 276 (8). Finally, petitioner contends that the EIS prepared for the Ridgeview Condominium project sufficiently addressed all environmental impacts such that no new EIS is required for petitioner’s smaller development project.
Town Law § 276 requires that a “planning board shall comply with the provisions of the state environmental quality review act under article eight of the environmental conservation law and its implementing regulations” (Town Law § 276 [5] [b]). The statute continues: “A preliminary plat shall not be considered complete until a negative declaration has been filed or until a notice of completion of the draft environmental impact statement has been filed in accordance with the provisions of the state environmental quality review act. The time periods for review of a preliminary plat shall begin upon filing of such negative declaration or such notice of completion” (Town Law § 276 [5] [c]; see also, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367 [2d Dept], affd 62 NY2d 965). The default approval provision of Town Law § 276 reiterates the same principle by providing: “In the event a planning board fails to take action on a preliminary plat or a final plat within the time prescribed therefor after completion of all requirements under the state environmental quality review act, or within such extended period as may have been established by the mutual consent of the owner and the planning board, such preliminary or final plat shall be deemed granted approval” (Town Law § 276 [8] [emphasis added]).
*64 This is not a case in which a developer submitted a draft environmental impact statement prior to a public hearing on the preliminary application (see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, supra; Matter of Twin Lakes Farms Assocs. v Town Clerk of Town of Bedford, 215 AD2d 667 [2d Dept]). Rather, in this case, no SEQRA review whatsoever has occurred relative to petitioner’s project and, in fact, petitioner now argues respondents’ acts, in delaying requests for SEQRA review, should relieve it of its obligations to submit to such review.
Petitioner’s argument, although not cast in such terms, essentially seeks to have respondents estopped from imposing the requirements of SEQRA review upon its project. However, the Court of Appeals has held “that estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties” (Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359, 369 [citations omitted]). This is particularly so in a SEQRA context because “[t]he State has made protection of the environment one of its foremost policy concerns” (supra, at 371). When a governmental agency acts inconsistent with the statutory environmental review requirements of SEQRA, its action is void and unauthorized (supra). Thus, a court should not deny a governmental agency, such as respondent Planning Board, the power to exercise its delegated responsibilities by estopping it from exercising those statutory powers (supra).
This court specifically rejects petitioner’s reliance on Matter of King v Chmielewski (76 NY2d 182, supra) for the proposition that it is entitled to a default approval based on the expiration of a statutorily defined period because King v Chmielewski addressed no issues related to SEQRA review, which “far overshadows the rights of developers to obtain prompt action on their proposals” (Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 376, supra).
This court also rejects petitioner’s argument that the Ridgeview Condominium project EIS is sufficient to satisfy SE-QRA requirements for its application. The Ridgeview Condominium project was separate and distinct from petitioner’s project and has numerous characteristics which have been altered from the previously approved project. Moreover, simply because the prior project involved a larger number of dwelling units than petitioner’s project does not mean that the environmental impacts of both will be the same or that petitioner’s project will result in fewer environmental impacts. Accord *65 ingly, petitioner cannot rely on the previous environmental impact statement. This court declines to address whether petitioner may submit the EIS for the Ridgeview Condominium project supplemented by a supplemental EIS addressing the differences between that project and its own. No facts were submitted on this petition which would justify addressing that issue at this point.
Although respondents’ motion was made prior to service of an answer and is cast solely as a motion to dismiss pursuant to CPLR 7805 (f), the comprehensive papers submitted by the respective parties fully inform this court of all issues such that it is clear that no dispute as to the facts exist and no prejudice will result from treating respondents’ motion as one for summary judgment without extending respondents the opportunity of serving an answer (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs., 63 NY2d 100, 101-102; Matter of Tozzo v Board of Appeals on Zoning, 179 AD2d 810, 811 [2d Dept]; Briedis v Village of Tuxedo Park, 156 AD2d 744, 746 [2d Dept]). Accordingly, respondents’ motion is converted to a summary judgment motion and, based on the foregoing analysis, that motion is granted, and the petition is dismissed.