■ Honess 52 Corp., Respondent, v Town of Fishkill et al., Appellants. [698 NYS2d 718] —In an action, *inter alia,* to recover damages for breach of a so-ordered stipulation of settlement, entered into by the parties in 1977, permitting development of certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (LaCava, J.), dated June 7, 1999, as (a)

denied those branches of their motion which were to dismiss the first, third, and fourth causes of action sounding in breach of contract, unjust enrichment, and prima facie tort, and (b) deferred resolution of the plaintiff's cross motion to hold the defendants in civil contempt of the 1977 stipulation of settlement until trial.

Ordered that the notice of appeal is deemed an application for leave to appeal from so much of the order as deferred resolution of the plaintiff's cross motion to hold the defendants in civil contempt, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion to dismiss is granted in its entirety, the cross motion is denied, and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff contends that the defendants violated the 1977 stipulation of settlement by finding that compliance with the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) was required before development.

In a prior proceeding pursuant to CPLR article 78 brought by the plaintiff, the Supreme Court found that the defendants properly insisted upon compliance with SEQRA before permitting the plaintiff's development plan to proceed. The Supreme Court further found that the defendants were not estopped from demanding compliance with SEQRA (see, Matter of Honess 52 Corp. v Widholt, 176 Misc 2d 57). In a judgment dated March 11, 1998, the Supreme Court dismissed the proceeding. By decision and order on motion of this Court dated November 18, 1998, the plaintiff's appeal from that judgment was dismissed for lack of prosecution. The doctrine of collateral estoppel bars the plaintiff from relitigating in this action matters which were clearly raised and decided against it in the prior CPLR article 78 proceeding and which could have been raised on the appeal from that judgment (see, CRK Contr. v Brown & Assocs., 260 AD2d 530; see also, Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). The plaintiff is foreclosed from claiming that requiring it to proceed with SEQRA review violated its rights under the 1977 stipulation of settlement, nor can it charge the defendants with tortious conduct relating to their insistence that it proceed with SEQRA review.

The plaintiff also contends that the defendants have been unjustly enriched by their retention of "sewer upgrade money" paid in connection with the stipulation by the plaintiff's prede-

cessor in interest, not by the plaintiff itself. Under the circumstances of this case, any right the plaintiff may have to that money is founded upon the plaintiff's rights as successor in interest under the stipulation. However, since the plaintiff's rights are derived from an explicit contract, i.e. the stipulation, a cause of action sounding in unjust enrichment does not lie (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Layden v Boccio,* 253 AD2d 540; *Surge Licensing v Copyright Promotions,* 258 AD2d 257).

Since the action alleging breach of the stipulation must be dismissed, the cross motion to hold the defendants in civil contempt of the stipulation is denied. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.