■ In the Matter of NORMAN ROTH et al., Respondents, v SYRACUSE HOUSING AUTHORITY, Appellant. [706 NYS2d 555] —Judgment unanimously affirmed with costs. Memorandum: On appeal from a judgment granting in part the relief sought in the CPLR article 78 petition, respondent contends, *inter alia*, that Supreme Court improperly granted the relief on a ground not alleged in the petition and without affording it time to serve an answer. On February 5, 1998, respondent suspended petitioners from participation in the Federally subsidized Section 8 program (*see,* 42 USC § 1437f) on the ground that petitioners were not screening prospective tenants and had committed fraud. A previous suspension related to petitioners' "management practices" had been lifted by the United States Department of Housing and Urban Development (HUD) on the ground that unsatisfactory management practices were not valid bases for suspension. On May 19, 1998, petitioners unsuccessfully demanded that respondent lift the second suspension and thereafter commenced this proceeding.

Petitioners sought lifting of the suspension on the ground that HUD had preempted respondent's authority to suspend petitioners from the Section 8 program. The petition did not address the validity of the reasons for the February 5, 1998 suspension. The court denied respondent's subsequent motion to dismiss the petition and granted the relief requested in the petition on a ground not raised therein, i.e., that respondent had no authority to base suspension on failure to screen prospective tenants.

Because the motion to dismiss and petitioners' opposing papers specifically addressed the ground upon which the court based its determination, we conclude that the court did not err in basing its determination on that ground even though it was not raised in the petition. We further conclude that it was harmless error for the court to rule on the merits of the petition without affording respondent an opportunity to serve an answer (*cf., Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100, 102). The record was fully developed with respect to whether screening by petitioners was required, and the dispositive facts were not in dispute (*see, e.g., Matter of Rauer v State Univ.,* 159 AD2d 835, 836; *Briedis v Village of Tuxedo Park,* 156 AD2d 744, 746, *lv denied* 78 NY2d 852).

The authority granted to owners to screen tenants was permissive, not mandatory (*see,* 24 CFR 982.307 [former (a)(2)]). Because respondent could not suspend petitioners for failing to screen tenants, any misrepresentation by petitioners

that they had screened prospective tenants was not a misrepresentation of a material fact (*see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-407).

We reject respondent's contention that the petition was time-barred, and the remaining issue raised by respondent is irrelevant to the disposition of this appeal. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.