■ In the Matter of John Intermor, Respondent, v Board of Trustees of the Incorporated Village of Malverne, Appellant. [728 NYS2d 677] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of

Trustees of the Incorporated Village of Malverne dated March 2, 2000, which, after a hearing, found the petitioner guilty of, among other things, a charge of conduct unbecoming a police officer and terminated his employment as a police officer of the Incorporated Village of Malverne, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 5, 2000, as granted the petition to the extent of directing a rehearing of the charges against the petitioner, and denied that branch of the cross motion which was to dismiss the proceeding as time-barred.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court properly denied its cross motion to dismiss the proceeding on the ground that it was barred by the 60-day Statute of Limitations set forth in Village Law § 8-806. To the extent that the petition sought a rehearing in accordance with the Rules and Regulations Governing Disciplinary Procedures for the Police Department of the Incorporated Village of Malverne (hereinafter Rules and Regulations), it was outside of the scope of Village Law § 8-806. That statute requires a village police officer to commence a proceeding pursuant to CPLR article 78 within 60 days where the officer seeks review of a determination convicting him or her of disciplinary charges "on the ground that said conviction is illegal" (Village Law § 8-806). Accordingly, the Supreme Court properly determined that CPLR 217 (1), which affords a petitioner four months to commence a proceeding pursuant to CPLR article 78 unless "a shorter time is provided in the law authorizing the proceeding," applied to the petition. Furthermore, under section VI (14) of the Rules and Regulations, the appellant was required to grant the petitioner's timely written request for a rehearing "without unnecessary delay."

We reject the appellant's contention that the Supreme Court should not have addressed the merits of the petition before the service of its answer pursuant to CPLR 7804 (f). The dispositive facts in this matter were undisputed, and the arguments of the parties were fully set forth in the record before the Supreme Court. Under these circumstances, it was not necessary to grant the appellant leave to serve an answer to the petition following the denial of its cross motion to dismiss the petition (*see, Matter of Roth v Syracuse Hous. Auth.,* 270 AD2d

909; *Matter of Dougherty v Mammina,* 261 AD2d 400; *Matter of Adamag Realty Corp. v Diamante,* 254 AD2d 413; *Matter of Davila v New York Hous. Auth.,* 190 AD2d 511). O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.