■ In the Matter of KAY B. SCHOLL, Appellant, v LEONARD J. EDER et al., Respondents. [760 NYS2d 336] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Latting-

town, dated October 4, 2001, which, after a hearing, denied the application of William Adlman, in effect, for an exemption from the minimum lot area requirement, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated October 31, 2002, which denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the petitioner's notice of appeal from an order of the same court dated August 22, 2002, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

William Adlman, who was the petitioner's contract vendee, sought permission from the Board of Zoning Appeals of the Village of Lattingtown (hereinafter the BZA) to build a one-family dwelling on the petitioner's lot. The lot, which is less than one acre in size, is located within a zoning district that requires a lot to be at least two acres in size in order for a building to be erected thereon. After a hearing, upon determining that the lot was not a "legal building lot," the BZA denied his application, in effect, for an exemption from the minimum lot area requirement. The petitioner commenced the instant proceeding in the Supreme Court seeking to review the determination denying Adlman's application. This appeal ensued.

The Supreme Court properly upheld the BZA's determination to deny Adlman's application, as it had a rational basis, and was supported by substantial evidence (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]). The record supports the BZA's finding that the lot was substandard at the time of its creation, and that Adlman was not entitled to build on it as a matter of right pursuant to the "single and separate ownership" exemption from minimum lot size restrictions provided under Building Zone Ordinance of the Village of Lattingtown § 411.07 (*Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello,* 271 AD2d 612, 613 [2000]; *see also Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344 [1996]). Moreover, contrary to the petitioner's contention, the record supports the BZA's finding that the Village never did anything from which it could be inferred that it recognized the lot as a legal building lot (*cf. Matter of Shaughessy v Roth,* 204 AD2d 333 [1994]; *Matter of Lund v Edwards,* 118 AD2d 574 [1986]).

The petitioner's remaining contentions are without merit. Prudenti, P.J., Ritter, Smith and Cozier, JJ., concur.