Haberman v Zoning Bd. of Appeals of City of Long Beach (2004 NY Slip Op 50928(U))

[*1]

Haberman v Zoning Bd. of Appeals of City of Long Beach

2004 NY Slip Op 50928(U)

Decided on August 18, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 18, 2004

Supreme Court, Nassau County
SINCLAIR HABERMAN and BELAIR BUILDING, LLC, Plaintiffs,
against
ZONING BOARD OF APPEALS OF THE CITY OF LONG BEACH, LENNY TORRES, MARCEL WEBER, MICHAEL FINA, STUART BANSCHICK, LORRAINE DIVONE, MICHAEL LEONETTI, THE CITY OF LONG BEACH, SCOTT A. KEMINS, as Commissioner of the Department of Buildings of the City of Long Beach, SAMUEL UNGAR and XANDER CORP., Defendants.
1138/04

Kenneth A. Davis, J.
Upon the foregoing papers, application by the petitioners pursuant to CPLR Article 78 to annul and vacate the determination of the respondent Zoning Board of Appeals of the City of Long Beach (Zoning Board) dated December 29, 2003 which revoked a building permit (#A-31936) issued August 12, 2003 and to reinstate said permit and for plenary relief including a declaration of rights, injunctive relief and damages is determined as hereinafter provided.
Companion motions by respondent Zoning Board and by respondent Xander Corp. respectively to dismiss the petition are denied.
The controversy before the court had its inception in the mid 1980's when the respondent Zoning Board, after a hearing, approved an application submitted by Jacob Haberman, as attorney [*2]for, and representative of, Sinclair Haberman, the petitioner herein, for a variance to permit the construction of a 432 unit four (4) tower cooperative/condominium project on a parcel of property located on Shore Road, between Monroe and Lincoln Boulevards in the City of Long Beach. The respondent Board granted the variance waiving requirements of four (4) sections of the Long Beach Code regarding building area, yards, off-street parking and density and lot area as conditioned by the Board's Findings/Resolution dated September 18, 1985. Under the 1985 variance, three of the towers were to be constructed on property known as section 59, block 146, lots 8-19, 21-35, 41 and 42 located on the south side of Shore Road (Site "A") and one tower was to be constructed on property known as section 59, block 145, lots 174-177 (Site "B") and section 59, block 145, lots 30 and 129 (Site "C"). Sites "B" and "C" are adjacent to each other on the north side of Shore Road. Each of the towers was to be ten (10) stories in height.

The variance provided for a reduction in the amount of off street parking from a ratio of 1.25 parking spaces per unit to 1.1 parking spaces per unit and set forth several conditions including a timetable within which applications for building permits and construction of the four towers was to take place. Subsequent to the granting of the variance, a building permit was issued for the construction of Building #1, now owned by Xander Corp., containing 126 units. It was constructed on the most easterly portion of the Shore Road property at its intersection with Lincoln Boulevard (Site "A") and has been operating as a residential cooperative since in or about March, 1988.
In or about May 1987, Sinclair Haberman, the sole owner of Belair Building LLC, the current owner of the property involved herein, filed applications for permits to construct the second, third and fourth towers. While those permit applications were pending, the City of Long Beach amended its zoning laws to include, inter alia, a reduction in the permissible height of the buildings to be constructed at the premises from ten to seven stories and an increase in parking requirements from 1.25 spaces per unit to 1.75 spaces per unit. The parking requirements for the building already under construction, and for the buildings still to be erected, were increased beyond the number of spaces approved under the 1985 variance. The applications were denied on the grounds that the changes in the zoning law rendered the 1985 variance inoperative insofar as the remaining three towers could not exceed seven stories in height, although the 1985 variance permitted them to be ten stories.
An Article 78 proceeding ensued in this court under index no. 13391/87 wherein Sinclair Haberman sought to enjoin the City of Long Beach from enforcing the new ordinance requirements vis a vis construction of the remaining three towers as contemplated by the 1985 variance on the grounds that he had a vested right to develop the four towers as originally proposed based upon expenditures made in reliance on the costs incurred in the demolition of the apartment complex and bar and grill on Site "A," improvements already completed pursuant to the building permit for the first tower, as well as additional improvements made for the benefit of the entire project.
The proceeding was settled by Stipulation dated March 8, 1989 which was so ordered on May 1, 1989. The Stipulation provides, inter alia, that in lieu of the ten story fourth tower to be erected on Site "B" and Site "C", a building, not to exceed seven stories in height, with the lower two stories to be used for parking, would be constructed. The Stipulation further provides for the [*3]construction of three towers on Site "A", as originally approved, except as might otherwise be provided by the Stipulation. Upon completion of all of the buildings, parking was to be provided for a minimum number of cars equal to 150% of the total number of apartment units contained in the four towers once all construction was complete. Additionally, Mr. Haberman agreed to apply to the respondent Zoning Board for variances to permit construction of the towers in accordance with the Stipulation, subject to conditions which might be imposed by the zoning Board of Appeals in an amended decision adopted pursuant to the Stipulation. The Stipulation was conditioned on the court's approval, the inclusion of terms of the Stipulation in a Judgment of the court as well as the issuance of an amended variance by the Zoning Board in accordance with the terms and conditions of the Stipulation. All such conditions were satisfied.
The terms of the Stipulation were in fact, presented to, and ratified, after due consideration, by Resolution of the respondent Zoning Board on August 4, 1989. The applicant, Jacob Haberman, was granted three variances to obtain an extension of time to build two (2) ten story condominiums and one (1) seven story condominium subject to modifications and conditions regarding parking set forth in the respondent Zoning Board's Findings of same date which superceded the terms of the Stipulation which was included in and made part of the variance. The builder was required to provide and maintain a minimum number of parking spaces equal to 175% of the total number of apartment units to be erected under the 1989 variances. Upon completion of all buildings, parking spaces were to be provided for a minimum number of cars equal to 150% of the total number of apartment units erected. Application for a building permit for the construction of the second tower was to be made within sixty (60) months of August 3, 1989.
Following the grant of the 1989 variances in or about December, 1989, Sinclair Haberman paid the dedication sum [$200,000.00] to the City as called for in paragraph "5" of the Stipulation. Thereafter, by Letter Agreement dated April 7, 1992, the parties agreed to extend the City's time to comply with paragraph "5" of the Stipulation of March 8, 1989, regarding the installation of underground utilities and other public improvements to be made on Shore Road between Lincoln and Monroe Boulevards, without time limitation, in consideration whereof the time constraints delineated in paragraph "4" of the Stipulation vis a vis the construction schedule for the remaining buildings was tolled until such time as the City complied with paragraph "5". Although the parties' Stipulation dated March 8, 1989 was modified in accordance with the Letter Agreement, and a Modification Agreement was "so ordered" by the Hon. Joseph J. Goldstein on June 19, 1992 [the Extension Order], the terms of the Letter Agreement were neither presented to, nor considered or ratified by, the respondent Board.
Over the course of the next ten (10) years, no further action was taken by the builder with respect to the construction of the three other towers until on or about September 17, 2002 when Sinclair Haberman applied to the City of Long Beach Building Department for a building permit to commence construction pursuant to the 1989 variance, as modified by the Extension Order. The permit, for the purpose of driving piles and installing footings for a ten story building [i.e., the second tower] was issued to D. Domenico Ltd., agent for the builder, on or about August 12, 2003. Construction was enjoined, however, by order of the court dated October 16, 2003 and the permit [*4]was revoked, after a hearing, by Resolution of the respondent Zoning Board dated December 29, 2003 based on the grounds that, the Letter Agreement of April 7, 1992, which purported to extend the construction timetable without ratification by respondent Zoning Board and, in the absence of a public hearing, is unenforceable. As such, respondents contend that the modification contained in the Letter Agreement improperly permitted what is, in effect, an indefinite toll of the time constraints incorporated in the 1989 variance by the respondent Zoning Board's Resolution. The permit revocation was also predicated on the builder's failure to provide 1.5 parking spaces for each of the 126 units located in the existing building at 360 Shore Road. The respondent Zoning Board found that by failing to comply with this essential term of the original Stipulation, as affirmed by the respondent Zoning Board's Resolution of August 4, 1989, the builder "abandoned its rights to construct additional buildings under the [1989] variance."
Respondents seek dismissal of the petition herein on the grounds, inter alia, that the building permit to drive piles and install footings issued to petitioner August 12, 2003 was properly revoked because the purported modification of the variance granted to the builder under the ratified Stipulation of Settlement [August 3, 1989] by Letter Agreement signed by the Corporation Counsel and petitioner dated April 7, 1992 (which was subsequently "so ordered" by the court] is unenforceable. In the absence of a valid extension, respondents contend that the 1989 variance terminated and the builder was without authority to seek a building permit in September, 2002. Even if the 1989 variance had not terminated, respondents argue that the petitioner breached and violated the conditions of the variance on which the building permit had been issued by failing to provide the required number of parking spaces for the already completed Building #1 and by failing to build within the required sixty (60) month period from August 1989 or, at the very latest, from 1994 when the public improvements were made by the City of Long Beach. The petitioner counters that the Extension Order of the Hon. Joseph Goldstein dated June 19, 1992 is binding in all respects on all parties; the City of Long Beach has, to this day, failed to comply with its obligation under paragraph 5 of the Stipulation [March 8, 1989] to install underground utilities in lieu of above ground utilities; and the contentions and proof presented at the public hearing on October 23, 2003 went beyond the issues raised by the Xander petition and the Notice of Filing of an Application for a Variance or Permit."
It is well settled that local zoning boards have broad discretion in considering applications for variances. In a proceeding pursuant to CPLR Article 78 to review a determination of a zoning board of appeals, judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion. The zoning board's determination will be upheld provided that it has a rational basis and is supported by substantial evidence. Matter of Ifrah v. Utschig, 98 NY2d 304, 308 [2002]. Substantial evidence means "such relevant proof as a reasonable mind may accept to support a conclusion or ultimate fact. Siano v. Dolce, 256 AD2d 582, [2nd Dept 1998] quoting 300 Gramatan Ave. Assoc. v. Div. of Human Rights, 45 NY2d 176 [1978]. It is more than mere surmise, conjecture, or speculation, but less than a preponderance of the evidence. Such determination must be based on the record as a whole (DePaola v. Zoning Board of Appeals of the Village of Dobbs Ferry, 226 AD2d 371 [2nd Dept. 1996]), and disclose the specific evidence in the record which the Zoning Board relied on as the basis for its decision. Here, the Findings of the [*5]Zoning Board are totally conclusory and fail to take into consideration the mutual obligations of the parties under the 1989 so ordered Stipulation or to specifically address the validity of the Extension Order.
Pursuant to General City Law §81-a(4), the respondent Zoning Board was authorized to hear and decide the application to revoke the building permit issued August 12, 2003. Inasmuch as petitioner received actual notice of the hearing and was represented by counsel thereat, the purported infirmities in the distribution of the notice i.e. to Jacob Haberman instead of Sinclair Haberman and Belair Building LLC, to whom the property at issue had been transferred on September 4, 2003, does not constitute a jurisdictional defect. Matter of Ahearn v. Zoning Board of Appeals of the Town of Shawangunk, 158 AD2d 801, 802 [3rd Dept 1990] appeal denied 76 NY2d 706.
Notwithstanding the fact that the Xander petition to revoke the building permit issued August 12, 2003 is predicated on violations of the Code of Ordinances of the City of Long Beach regarding area, height, density setbacks and parking, and mentions nothing about Haberman's purported failure to comply with the conditions of the Stipulation of Settlement or the 1989 variance, the lack of validity of the Extension Order or "whether the proper SEQRA Resolution was passed," the respondent Zoning Board addresses only the parking issue in its Findings of Fact (December 29, 2003) and offers no authority to support its conclusory finding that the builders' right to construct all four towers after so many years is "clearly not in the best interests of the City."
The pivotal issue in this matter is the enforce ability of the Extension Order. Although the respondent Zoning Board requested that counsel for both sides submit legal memoranda on the "paramount" issue of whether or not the Corporation Counsel of Long Beach had authority to bind the Zoning Board vis a vis the Extension Order, the Zoning Board does not squarely address this issue in its Findings. Rather, the Zoning Board "finds" that "the Developer would like to have an open ended right to construct all four (4) buildings whenever it desired and does not specify whether or not the Extension Order did or did not validly extend the builder's time to build towers two, three and four." It is impossible to assess the validity of the testimony offered regarding the builder's failure to provide the required number of parking spaces under the Stipulation of Settlement and 1989 variances. Pursuant to an order of this court in the related action Xander v. Sinclair Haberman, D. Domenico, Ltd., etc. [index no. 14069/03] dated October 16, 2003, the builder was directed to furnish, and apparently did furnish, parking for the residents of Building #1 in accordance with the Stipulation of 1989 and to further comply with the requirements of the City of Long Beach regarding blacktopping/paving, curb cuts, striping and temporary drainage in lot number three. It is unlear from the Zoning Board's Findings whether, and the extent to which, this was considered by the Board in reaching its determination.
Accordingly, under the circumstances extant, and in light of the respondent Zoning Board's failure to directly address and make a finding with respect to what one of its own Board members characterized as the "paramount" issue [validity of the Extension Order], the revocation of the building permit issued on August 12, 2003 is hereby annulled and the matter remanded to the respondent Zoning Board to consider and address the issues delineated herein. The request for [*6]plenary relief is held in abeyance pending further action by the respondent Zoning Board.
In the interim, the temporary restraining order of this court dated February 9, 2003, granted in the companion case Sinclair Haberman et al v. Zoning Board of Appeals of The City of Long Beach [index no. 1138/04] will remain in effect.
The respective motions by respondent Zoning Board and by respondent Xander to dismiss the petition are denied.
This decision constitutes the order of the court.
Dated: __________________ _______________________________
 J.S.C.