■ In the Matter of ARTHUR BUCKLEY, Appellant, v TOWN OF WAPPINGER et al., Respondents. [785 NYS2d 98]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the respondent Town of Wappinger dated January 14, 2003, which authorized the execution of a stipulation settling a zoning enforcement action entitled *Town of Wappinger v MVK Landscaping*, pending in the Supreme Court, Dutchess County, under index No. 1919/00, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated August 27, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one

bill of costs payable by the respondents appearing separately and filing separate briefs, the petition is granted, the determination is annulled, and the stipulation of settlement is vacated.

On January 14, 2003, the Town Board of the Town of Wappinger (hereinafter the Town) adopted a resolution authorizing the Town Supervisor and the Town Attorney to execute a stipulation settling a zoning enforcement action the Town had commenced against the respondents MVK Landscaping, Inc., Mark Van Kirk, and Dianne M. Van Kirk (hereinafter collectively MVK) in the Supreme Court, Dutchess County (hereinafter the zoning enforcement action). The Town had initiated the zoning enforcement action based on allegations that MVK was using property it owned in Wappingers Falls (hereinafter the subject property), in violation of the Town's zoning code. Among other things, the stipulation provided for certain permitted uses of the subject property. The Supreme Court "so Ordered" the stipulation on February 13, 2003.

The petitioner commenced this CPLR article 78 proceeding claiming, inter alia, that in authorizing the execution of the stipulation, the Town usurped the authority of the Zoning Administrator, Zoning Board of Appeals, and the Planning Board of the Town of Wappinger.

We agree with the petitioner that the stipulation of settlement is unenforceable. Among other things, it permits MVK to use its property in ways that are prohibited by the local zoning ordinance. Thus, in order for those uses to be allowed, the ordinance would have to be amended, or MVK would have to obtain a variance (see Town Law §§ 264, 265; Town of Smithtown v Haynes, 278 AD2d 312 [2000]). Since the Town, in effect, granted MVK a variance, it usurped the jurisdiction of the local zoning authorities. Accordingly, since there was no triable issue of fact regarding the validity of the stipulation, and no hearing was required (see CPLR 7804 [h]; Matter of York v McGuire, 99 AD2d 1023 [1984]; Matter of Battaglia v Schuler, 60 AD2d 759 [1977]), the Supreme Court should have granted the petition.

In light of our determination, we need not address the petitioner's remaining contentions. Prudenti, P.J., Ritter, H. Miller and Spolzino, JJ., concur.