In the Matter of SINCLAIR HABERMAN et al., Appellants-Respondents, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents-Appellants. [827 NYS2d 176]—

Motion by the appellants-respondents for leave to reargue an appeal and cross appeal from an order of the Supreme Court, Nassau County, dated May 17, 2004, which were determined by decision and order of this Court dated March 28, 2006, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted, and upon reargument, the decision and order of this Court dated March 28, 2006 (27 AD3d 739), is recalled and vacated, and the following decision and order is substituted therefor:

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach, dated December 29, 2003, which revoked a building permit previously issued to the petitioners on August 12, 2003, and an action, inter alia, for a judgment declaring that the petitioners are entitled to the building permit, (1) the petitioners appeal, by permission and as limited by their brief,

from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated May 17, 2004, as remitted the matter to the Zoning Board of Appeals of the City of Long Beach for further consideration, and (2) the Zoning Board of Appeals of the City of Long Beach, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorraine Divone, Michael Leonetti, City of Long Beach, Scott A. Kemins, and Samuel Unger cross-appeal, and Xander Corp. separately cross-appeals, by permission and as limited by their respective briefs, from so much of the same order as denied their motions to dismiss the combined petition and complaint except the fourth cause of action insofar as asserted against the City of Long Beach, and granted the combined petition and complaint to the extent of annulling the determination of the Zoning Board of Appeals of the City of Long Beach.

Ordered that the order is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed on the merits, the complaint except the fourth cause of action insofar as asserted against the City of Long Beach is dismissed, the determination of the Zoning Board of Appeals of the City of Long Beach is confirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the petitioners are not entitled to the building permit issued on August 12, 2003; and it is further,

Ordered that the appeal is dismissed as academic, without costs or disbursements, in light of our determination on the cross appeals.

Because the dispositive facts were undisputed, and the arguments of the parties were fully set forth in the record before the court, the Supreme Court properly reached the merits of the combined petition and complaint without having provided the movants the opportunity of serving an answer pursuant to CPLR 7804 (f) and 3211 (see *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *Matter of Intermor v Board of Trustees of Inc. Vil. of Malverne*, 286 AD2d 330, 331 [2001]; *Matter of Dougherty v Mammina*, 261 AD2d 400, 401 [1999]; *Matter of Tozzo v Board of Appeals on Zoning of City of New Rochelle*, 179 AD2d 810 [1992]).

However, the court erred in granting the combined petition and complaint to the extent of annulling the determination of the Zoning Board of Appeals of the City of Long Beach (hereinafter the Zoning Board). "Judicial review of the determination of a local zoning board is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of

discretion" (*Matter of Efraim v Trotta*, 17 AD3d 463, 464 [2005]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). A determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]). Here, the Zoning Board had a rational basis for finding that the stipulation purporting to extend the prior variance was unenforceable.

"The purpose for ' "imposing a time limitation in the grant of a special permit or variance, it would seem, is to insure that in the event conditions have changed at the expiration of the period prescribed, the board will have the opportunity to reappraise the proposal by the applicant in the light of the then existing facts and circumstances if the latter still desires to proceed" ' " (*Gina Petroleum v Zoning Bd. of Appeals of Town of Wappinger*, 127 AD2d 560, 562 [1987], quoting *Matter of Dil-Hill Realty Corp. v Schultz*, 53 AD2d 263, 267 [1976]). Here, in order to effectively extend the time limits set forth in the variance, the stipulation between the City of Long Beach and the petitioners had to be ratified by the Zoning Board (*see Matter of Buckley v Town of Wappinger*, 12 AD3d 597 [2004]; *Town of Smithtown v Haynes*, 278 AD2d 312 [2000]; *Carbone v Town of Bedford*, 144 AD2d 420 [1988]). As this was never done, the variance terminated when the petitioners failed to request the building permit within the permitted five-year period from the issuance of the variance. Accordingly, the Zoning Board properly revoked the building permit.

The parties' remaining contentions are academic in light of our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the petitioners are not entitled to the building permit issued on August 12, 2003 (*see Lanza v Wagner*, 11 NY2d 317 [1962], *cert denied* 371 US 901 [1962]). Adams, J.P., Ritter, Santucci and Lunn, JJ., concur.