MARY KWIATEK, Appellant, v. GENERAL INSURANCE COMPANY, LTD., OF TRIESTE AND VENICE, ITALY, et al., Respondents.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the evidence. All concur, except Crosby, P. J., and Taylor, J., who dissent and vote for affirmance. (The judgment is for defendants for no cause of action in an action under fire insurance policies. The order denies plaintiff's motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

GUY T. BATTLE, Appellant, v. NIAGARA FRONTIER FOOD TERMINAL, INC., et al., Defendants, and FRANK X. HUBER et al., Defendants-Respondents.— Judgment affirmed, with costs. All concur, except Crosby, P. J., who dissents and votes for reversal and for granting a new trial. (The judgment dismisses the complaint as against defendants Huber in an action for damages for personal injuries sustained by reason of negligent maintenance of sidewalk.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

FRANK MACKOWIAK, Appellant, v. HAZEL HUNTER, as Administratrix of the Estate of EMORY VAN EPPS, Deceased, Respondent.— Judgment and order affirmed, with costs. All concur. (The judgment is for defendant in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

RAYMOND KLIMTZAK, an Infant, by IRENE KLIMTZAK, his Guardian ad Litem, Respondent, v. PENNSYLVANIA RAILROAD COMPANY, Appellant.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs. Memorandum: Proof that there was a path across defendant's tracks sufficiently used by the public to cast upon defendant the duty of giving warnings to users of the path is vague and indefinite. But, taking the most favorable view of plaintiff's own testimony, he was not injured while crossing the defendant's tracks on the path, but he was injured while a trespasser along and upon the tracks at some distance from the path. All concur, except Harris and McCurn, JJ., who dissent and vote for reversal and for granting a new trial on the ground that the verdict is against the weight of evidence. (The judgment is for plaintiff in a railroad negligence action. The order denies defendant's motion to set aside the verdict and for a directed verdict for defendant, or for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

GEORGE A. MORSE, as Administrator of the Estate of ALICE C. CATTEAU, Deceased, Appellant, v. CLARA V. N. MILLER, Individually and as Executrix of IRVING G. MILLER, Deceased, Respondent.— Judgment affirmed, without costs of this appeal to any party. All concur. (The judgment dismisses the complaint in an action to vacate discharge of a mortgage.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [See post, p. 1034.]

PENNSYLVANIA RAILROAD COMPANY, Appellant, v. CITY OF ROCHESTER, Respondent.— Judgment affirmed, with costs. All concur. (The judgment dismisses the complaint in an action for labor and material furnished.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [See post, p. 941.]