■ ELEANOR B. STAIB et al., Respondents, v CITY OF NEW YORK et al., Respondents, and CHASE MANHATTAN BANK, Sued Herein as CHEMICAL BANK, Appellant. (And a Third-Party Action.) [735 NYS2d 799] —In an action to recover damages for personal injuries, etc., the defendant Chase Manhattan Bank s/h/a Chemical Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated December 20, 2000, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant's instant motion for summary judgment was based on deposition testimony which was not elicited until after the date of a prior order denying an earlier motion for summary judgment. Because the testimony constituted newly-discovered evidence, the instant motion did not violate the general proscription against successive summary judgment motions (*see, Davidson Metals Corp. v Marlo Dev. Co.,* 262 AD2d 599).

Furthermore, the deposition testimony established a prima facie case (*see,* CPLR 3212 [b]) that the appellant did not create the defective condition on the sidewalk which allegedly caused the plaintiff Eleanor B. Staib to trip and fall (*see, Leggio v County of Nassau,* 281 AD2d 518; *Ritts v Teslenko,* 276 AD2d 768). The record contains no evidence which raises a triable issue of fact (*see,* CPLR 3212 [b]). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.