[879 NE2d 728, 849 NYS2d 189]

In the Matter of SINCLAIR HABERMAN et al., Appellants, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents.

Argued October 16, 2007; decided November 19, 2007

**POINTS OF COUNSEL**

*Davis Wright Tremain LLP,* New York City (*Victor A. Kovner* and *Lacy H. Koonce, III,* of counsel), and *Duane Morris LLP* (*Thomas R. Newman* of counsel), for appellants. I. The Appellate Division erroneously ruled that counsel for a zoning board cannot legally bind the board by entering into an agreement with a developer, ultimately "so ordered" and approved by the Supreme Court, for a reciprocal extension of time in connection with an existing variance. (*Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594; *Asian Ams. for Equality v Koch,* 72 NY2d 121; *Matter of Commco, Inc. v Amelkin,* 62 NY2d 260; *Matter of Jayne Estates v Raynor,* 22 NY2d 417; *Matter of Tohr Indus. Corp. v Zoning Bd. of Appeals of City of Long Beach,* 74 NY2d 575; *Matter of Dil-Hill Realty Corp. v Schultz,* 53 AD2d 263; *Matter of American Red Cross v Board of Zoning Appeals of City of Ithaca,* 161 AD2d 878; *Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52; *Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals,* 19 AD3d 968; *Matter of Karmel v Delfino,* 293 AD2d 473.) II. The Appellate Division erroneously concluded that a municipal party to a court-ordered settlement stipulation can abandon that stipulation with impunity. (*McCoy v Feinman,* 99 NY2d 295; *Gage v Jay Bee Photographers,* 222 AD2d 648; *Mitchell v New York Hosp.,* 61 NY2d 208; *Matter of Janet L.,* 287 AD2d 865; *Hallock v State of New York,* 64 NY2d 224; *Christian v Christian,* 42 NY2d 63; *Kihl v Pfeffer,* 94 NY2d 118.) III. The Appellate Division erroneously concluded that the

1992 extension letter and modification order required formal ratification. (*Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52; *Matter of Commco, Inc. v Amelkin,* 62 NY2d 260; *Matter of Dil-Hill Realty Corp. v Schultz,* 53 AD2d 263; *Matter of Tohr Indus. Corp. v Zoning Bd. of Appeals of City of Long Beach,* 74 NY2d 575; *Town of Smithtown v Haynes,* 278 AD2d 312; *Carbone v Town of Bedford,* 144 AD2d 420.)

*Corey E. Klein, Corporation Counsel,* Long Beach, for Zoning Board of Appeals of City of Long Beach and others, respondents. I. The Zoning Board of Appeals of the City of Long Beach has sole and exclusive jurisdiction over an application for a variance. (*Matter of Commco, Inc. v Amelkin,* 62 NY2d 260; *Matter of Real Holding Corp. v Lehigh,* 2 NY3d 297; *Matter of Emmett v Town of Edmeston,* 3 AD3d 816, 2 NY3d 817; *Matter of Buckley v Town of Wappinger,* 12 AD3d 597; *Matter of Jayne Estates v Raynor,* 22 NY2d 417; *Jaffe v Burns,* 64 AD2d 692; *Matter of Vergata v Town Bd. of Town of Oyster Bay,* 209 AD2d 527, 85 NY2d 802; *Carbone v Town of Bedford,* 144 AD2d 420; *Town of Smithtown v Haynes,* 278 AD2d 312; *Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52.) II. The Corporation Counsel had no authority to bind the Zoning Board of Appeals of the City of Long Beach. (*Hallock v State of New York,* 64 NY2d 224; *City of New York v Watkins,* 757 F Supp 72, 956 F2d 1175; *Seif v City of Long Beach,* 286 NY 382; *City of New York v New York Tel. Co.,* 108 AD2d 372; *Matter of Crennan v Brennan,* 265 App Div 1013; *Matter of Par Bldrs. v Assessor of Town of Orangetown,* 234 AD2d 374; *Barry v Town of Glenville,* 8 NY2d 1153; *Walentas v New York City Dept. of Ports,* 167 AD2d 211; *B.T. Skating Corp. v County of Nassau,* 204 AD2d 586; *Town of Oneonta v City of Oneonta,* 191 AD2d 891.)

*Davidoff Malito & Hutcher, LLP,* Garden City (*Michael Zapson* of counsel), for Xander Corp., respondent. I. Pursuant to CPLR 7804 (f), the builder's petition was properly dismissed. (*Matter of Hop-Wah v Coughlin,* 118 AD2d 275, 69 NY2d 791; *Matter of 230 Tenants Corp. v Board of Stds. & Appeals of City of N.Y.,* 101 AD2d 53.) II. The Zoning Board of Appeals of the City of Long Beach may put time limitations in the variance. (*Gina Petroleum v Zoning Bd. of Appeals of Town of Wappinger,* 127 AD2d 560; *Matter of Dil-Hill Realty Corp. v Schultz,* 53 AD2d 263; *Matter of New York Life Ins. Co. v Murdock,* 8 AD2d 191; *Matter of Houghwot v Town of Kiantone,* 69 AD2d 1011; *Matter of New York Life Ins. Co. v Foley,* 13 AD2d 768; *Matter of Douglaston Civic Assn., Inc. v Board of Stds. & Appeals of City*

*of N.Y.,* 278 App Div 659, 302 NY 920; *Matter of Sima v Board of Stds. & Appeals of City of N.Y.,* 278 App Div 785.) III. The Corporation Counsel cannot modify the conditions of the zoning variance. (*Town of Smithtown v Haynes,* 278 AD2d 312; *Matter of Dayho Motel v Assessor of Town of Orangetown,* 229 AD2d 435; *Bubeck v Main Urology Assoc.,* 275 AD2d 909; *Walentas v New York City Dept. of Ports,* 167 AD2d 211; *Matter of Blum v Board of Zoning & Appeals, Town of N. Hempstead,* 1 Misc 2d 668; *Matter of Commco, Inc. v Amelkin,* 62 NY2d 260; *Matter of Buckley v Town of Wappinger,* 12 AD3d 597; *City of New York v Watkins,* 757 F Supp 72, 956 F2d 1175; *Matter of New York Life Ins. Co. v Murdock,* 8 AD2d 191; *Carbone v Town of Bedford,* 144 AD2d 420.)

*Whiteman Osterman & Hanna LLP,* Albany (*Howard A. Levine* and *William S. Nolan* of counsel), for New York State Builders Association, Inc., amicus curiae. I. The Appellate Division erred in upholding the Zoning Board of Appeals of the City of Long Beach's (ZBA) legally erroneous and arbitrary determination that the 1992 stipulation extending the time limits in the existing variance required formal ratification by the ZBA after notice and a hearing. (*Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52; *420 Tenants Corp. v EBM Long Beach, LLC,* 41 AD3d 641; *Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle,* 24 AD3d 767; *Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals,* 19 AD3d 968; *Matter of Karmel v Delfino,* 293 AD2d 473; *Matter of Buckley v Town of Wappinger,* 12 AD3d 597; *Town of Smithtown v Haynes,* 278 AD2d 312; *Carbone v Town of Bedford,* 144 AD2d 420; *Matter of Commco, Inc. v Amelkin,* 62 NY2d 260; *City of New York v Watkins,* 757 F Supp 72, 956 F2d 1175.) II. The Appellate Division erred by applying a deferential standard of judicial review of the Zoning Board of Appeals of the City of Long Beach's pure errors of law. (*Matter of Faith For Today v Murdock,* 11 AD2d 718, 9 NY2d 761; *Matter of St. Onge v Donovan,* 71 NY2d 507; *Cornell Univ. v Bagnardi,* 68 NY2d 583; *Matter of Jayne Estates v Raynor,* 22 NY2d 417; *Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1 NY2d 508; *Matter of Clark v Board of Zoning Appeals of Town of Hempstead,* 301 NY 86; *Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills,* 4 NY3d 51; *Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.,* 91 NY2d 413; *Valentin v New York City Police Pension Fund,* 16 AD3d 145; *Matter of Heimbach v Metropolitan Transp. Auth.,* 75 NY2d 387.) III. Because no formal ratification hearing was required to extend the time to

satisfy the conditions of the variance, the stipulation is binding on the Zoning Board of Appeals of the City of Long Beach. (*Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52; *Matter of Zaidins v Hashmall,* 288 AD2d 316; *Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409; *Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream,* 17 AD3d 472; *Festinger v Edrich,* 32 AD3d 412; *Matter of Martin v C. A. Prods. Co.,* 8 NY2d 226; *Donovan Leisure Newton & Irvine v Zion,* 168 AD2d 373; *Federal Deposit Ins. Corp. v J & D Einbinder Assoc.,* 224 AD2d 655; *Danciger v Baal Milchamot Realty Corp.,* 272 AD2d 208; *Manhattan Ave. Dev. Corp. v Meit,* 224 AD2d 191.)

**OPINION OF THE COURT**

SMITH, J.

We hold that, where a zoning board of appeals has voted to grant a variance, the board's lawyer, acting with actual or apparent authority, may agree to extend the time to build the improvements permitted by the variance. A second board meeting and vote are not required.

## Facts and Procedural History

Sinclair Haberman sought a variance from the City of Long Beach Zoning Board of Appeals (ZBA) to build a four-tower residential condominium complex. The ZBA granted the variance, but after one of the towers was built a dispute arose about the other three. Haberman brought a lawsuit against the City, the ZBA and the City's building commissioner, which was settled by a stipulation in 1989.

Paragraph 4 of the stipulation said that Haberman would apply for new variances to permit construction of the remaining three buildings. These variances were to be subject to certain conditions, including time limits in which Haberman must apply for building permits: within five years of the grant of the variance for building 2, $6^1/_2$ years for building 3 and seven years for building 4. In paragraph 5 of the stipulation, Haberman agreed to pay $200,000 to the City to fund public improvements for the benefit of his project, including the installation of underground utility lines; and the City agreed to begin construction of the improvements not later than two years after receiving the $200,000.

Haberman did apply for the new variances, and the ZBA granted them on August 4, 1989. Haberman paid the $200,000 to the City in December 1989, so that, under paragraph 5 of the

stipulation, the City was required to install the underground utility lines not later than December 1991. That deadline was not met, and the City asked Haberman for an extension of time. Haberman agreed to grant it, on condition that the paragraph 4 time limits, governing his time to apply for building permits, were also extended.

These terms were reflected in a letter dated April 7, 1992 from Haberman to the City's Corporation Counsel, who represented all the defendants—including the ZBA—in Haberman's lawsuit. The letter said, in relevant part:

> "The undersigned Plaintiff-Petitioner in the above entitled action does hereby agree to extend the time of The City of Long Beach ('The City'), to comply with paragraph '5' of the Stipulation of Settlement of the above entitled action, dated March 8, 1989 ('Stipulation'), without time limitation.

> "In consideration for this extension, it is agreed by the parties that the time limitations contained and set forth in paragraph '4' of the Stipulation shall be tolled and shall not run against the Plaintiff-Petitioner until such time as The City has complied with the terms of paragraph '5' of the Stipulation. . . .

> "Please indicate all of the defendants' consent to the foregoing by signing and returning the enclosed copy of this letter."

The Corporation Counsel signed an acknowledgment that he "consented and agreed to" the April 1992 letter as attorney for all of the defendants, including the ZBA. The letter agreement was then attached to a new stipulation, providing that the 1989 stipulation "be, and hereby is, modified in accordance with the letter dated April 7th, 1992." The new stipulation was signed by counsel for all parties and "so ordered" by Supreme Court.

For the next decade, it seems, nothing of significance happened. The City did not install the underground utility lines, and Haberman did not apply for a building permit. Finally, in 2002, Haberman's construction company applied for a permit to begin work on building 2, and in 2003 the City's Building Department issued the permit. The cooperative corporation that had acquired building 1 back in the 1980s opposed the new construction, and asked the ZBA to revoke the permit; the ZBA did so, relying on Haberman's failure to meet the schedule

contained in the 1989 stipulation. The ZBA rejected the argument that Haberman's time had been extended by the April 1992 letter agreement, saying that "[s]uch a major change . . . required a ratification by the ZBA after a public hearing."

Haberman brought this litigation to annul the ZBA's revocation and reinstate his building permit. Supreme Court annulled the ZBA's action, but the Appellate Division reversed, holding that the ZBA "had a rational basis for finding that the stipulation purporting to extend the prior variance was unenforceable" (35 AD3d 465, 467 [2006]). We granted leave to appeal, and now reverse the Appellate Division's order.

## Discussion

The only question before us is whether the ZBA is bound by the Corporation Counsel's agreement, as its attorney, to the April 1992 letter extending Haberman's time to apply for building permits. Ordinarily, of course, parties to litigation are bound by their lawyers' agreements on their behalf (see Hallock v State of New York, 64 NY2d 224 [1984]), but the ZBA claims this rule does not apply here, because Haberman's time could be extended only by a vote of the ZBA itself. We reject the ZBA's argument.

It is true that, as Haberman concedes, the grant of a variance requires ZBA action (see Matter of Commco, Inc. v Amelkin, 62 NY2d 260 [1984]; Carbone v Town of Bedford, 144 AD2d 420 [2d Dept 1988]). That is, presumably, why the parties' original stipulation, in 1989, provided for the issuance of new variances by the ZBA. We have held, however, that once a variance has been issued, the same formality is not required to extend the variance's duration: "It is not required that . . . an application [for an extension] be treated as a new application for which public notice and a hearing are mandatory" (Matter of New York Life Ins. Co. v Galvin, 35 NY2d 52, 59 [1974]). The ZBA concedes that, under Galvin, a new notice and hearing were not necessary, but says that an extension should still require a ZBA vote. It cites no authority for this rule, and we see no good reason to adopt it.

The agreement to extend Haberman's time was entered into in writing, after negotiations between counsel, and was approved by the court. It was a benefit given to Haberman in exchange for a benefit received by the City—an extension of the City's time to install underground utility lines. It is admitted that the Corporation Counsel was the ZBA's attorney in the lit-

igation Haberman brought. The ZBA does not claim that, in signing the April 1992 letter agreement and the stipulation adopting it, its lawyer was violating the ZBA's instructions, or concealing his actions from his client—and clearly no such problem, if it existed, was known to Haberman. In other words, the Corporation Counsel had at least apparent, if not actual, authority to act on the ZBA's behalf. It would be unfair to hold, many years after the event, that the lawyer's agreement was a nullity because the parties did not follow a procedure that no statute and no precedent required.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the matter remitted to the Appellate Division for consideration of issues raised but not determined on the appeal to that court.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order, insofar as appealed from, reversed, etc.