JUDY OPPENHEIM, Appellant, v VILLAGE OF GREAT NECK PLAZA, INC., et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [846 NYS2d 628]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered August 8, 2006, as granted those branches of the cross motion of the defendants Metropolitan Transportation Authority and Long Island Railroad which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Metropolitan Transportation Authority and Long Island Railroad which was for summary judgment dismissing the complaint insofar as asserted against the defendant Long Island Railroad, and substituting therefor a provision

denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On October 27, 2004 the plaintiff, who was walking home from a train station, was crossing a bridge above the railroad tracks. As she was walking on a sidewalk on the bridge, which ran alongside a roadway, her toe got stuck in an "expansion joint." As a result, she fell forward onto the ground.

The plaintiff then commenced the instant action against the defendant Metropolitan Transportation Authority (hereinafter the MTA), the defendant Long Island Railroad (hereinafter the LIRR), and others, seeking to recover damages for injuries that she allegedly sustained as a result of her fall. In the order appealed from, the Supreme Court, among other things, granted those branches of the cross motion of the MTA and the LIRR which were for summary judgment dismissing the complaint insofar as asserted against them. The court erred, however, in awarding summary judgment dismissing the complaint insofar as asserted against the LIRR.

Initially, although it was the second time that the MTA and the LIRR moved for summary judgment, and although there is a "general proscription against successive summary judgment motions" (*Lapadula v Sang Shing Kwok*, 304 AD2d 798 [2003]), under the circumstances, the Supreme Court properly entertained the cross motion of the MTA and the LIRR (*see Staib v City of New York*, 289 AD2d 560, 561 [2001]). Nevertheless, since the LIRR failed to make a prima facie showing of its entitlement to judgment as a matter of law, the court should not have awarded the LIRR summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Railroad Law § 93 provides that "[w]hen a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation." Here, however, while the LIRR contended that it had no duty to maintain the expansion joint, and thus, that it could not be held liable for the plaintiff's alleged injuries, the LIRR failed to provide evidence sufficient to establish that the expansion joint was not part of "the framework of the bridge and its abutments" (Railroad Law § 93; *cf. Koles v Penn Cent. Co.*, 55 AD2d 877, 878 [1977]). Furthermore, triable issues of fact exist, inter alia, as to whether the expansion joint constituted a defective condition.

The plaintiff's remaining contentions are either not properly before this Court or without merit. Miller, J.P., Ritter, Skelos and Covello, JJ., concur.