■ In the Matter of SINCLAIR HABERMAN et al., Appellants-Respondents, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents-Appellants. [861 NYS2d 745]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated December 29, 2003, which revoked a building permit previously issued to the petitioners/plaintiffs on August 12, 2003, and action, inter alia, for a judgment declaring that the petitioners/plaintiffs are entitled to the building permit, the petitioners/plaintiffs appeal, by permission and as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated May 17, 2004, as remitted the matter to the Zoning Board of Appeals of the City of Long Beach for further consideration, and the Zoning Board of Appeals of the City of Long Beach, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorraine Divone, Michael Leonetti, City of Long Beach, Scott A. Kemins, and Samuel Ungar cross-appeal, and Xander Corp. separately cross-appeals, by permission and as limited by their respective briefs, from so much of the same order as denied their motions to dismiss the combined petition and complaint except the fourth cause of action insofar as asserted against the City of Long Beach, and granted the combined petition and complaint to the extent of annulling the determination of the Zoning Board of Appeals of the City of Long Beach. By decision and order dated December 5, 2006, this Court, upon reargument, reversed the order insofar as cross-

appealed from, denied the petition, dismissed the proceeding on the merits, dismissed the complaint except the fourth cause of action insofar as asserted against the City of Long Beach, confirmed the determination of the Zoning Board of Appeals of the City of Long Beach, remitted the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the petitioners/plaintiffs were not entitled to the building permit issued on August 12, 2003 and, further, dismissed the appeal as academic in light of our determination on the cross appeals (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 35 AD3d 465 [2006]). In an opinion dated November 19, 2007 the Court of Appeals reversed the decision and order of this Court insofar as appealed from, held that the attorney for the Zoning Board of Appeals of the City of Long Beach had the authority to extend the time to apply for building permits as set forth in a stipulation of settlement dated March 8, 1989 and remitted the matter to this Court for consideration of the issues raised but not determined previously by this Court (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 9 NY3d 269 [2007]). Justices Carni and Balkin have been substituted for Justices Adams and Lunn (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof, in effect, denying that branch of the motion of the City of Long Beach which was to dismiss the sixth cause of action, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof annulling the determination of the Zoning Board of Appeals of the City of Long Beach which revoked the building permit previously issued on August 12, 2003 and remitting the matter to the Zoning Board of Appeals of the City of Long Beach, and substituting therefor a provision permitting the respondents/defendants to interpose an answer to the combined petition and complaint; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In August 1989, pursuant to a stipulation of settlement dated March 8, 1989 (hereinafter the stipulation) setting forth certain obligations to be fulfilled by Sinclair Haberman and the City of Long Beach, the Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA) granted Haberman three variances for the construction of three buildings of a four-tower residential condominium complex (hereinafter the Complex). The first

building had been completed in 1988. In 2002 or 2003 Haberman and his construction company (hereinafter together Haberman) applied to the Building Department of the City of Long Beach for a permit to begin work on the second building of the Complex. The permit (hereinafter the building permit) was granted on August 12, 2003 but Xander Corp. (hereinafter Xander), the cooperative corporation that had acquired the first building in the Complex, opposed the new construction and petitioned the ZBA to revoke the Building Permit. In a determination dated December 29, 2003, following a hearing, the ZBA granted Xander's petition on the ground, inter alia, that Haberman had failed to comply with the schedule delineated in the stipulation, requiring that he apply for a permit for the second building within five years of the issuance of the 1989 variances. The ZBA rejected Haberman's argument that his time had been extended by a letter agreement, followed by court-ordered stipulation (hereinafter the extension stipulation) which he and the City's Corporation Counsel had signed in 1992.

Haberman commenced this hybrid proceeding and action, inter alia, to annul the ZBA's determination revoking the building permit and to reinstate the building permit. In the order appealed from, the Supreme Court denied the motion of the respondent-defendant Xander Corp. and that branch of the separate motion of the remaining respondents-defendants (hereinafter collectively the City respondents/defendants) which was to dismiss the petition pursuant to CPLR 7804 (f). However, rather than permitting the respondents/defendants to interpose an answer, the Supreme Court annulled the ZBA's determination and, finding that the ZBA had failed to "squarely address" the issue of the enforceability of the extension stipulation in its findings, remitted the matter to the ZBA to do so. While the City respondents/defendants also had moved, pursuant to CPLR 3211 (a), to dismiss the causes of action seeking plenary relief, the court did not address that motion, but ordered the request for plenary relief held in abeyance pending further action by the ZBA.

Haberman appealed, and the respondents-defendants cross-appealed, from the order. This Court, in a decision and order dated December 5, 2006, upon reargument, reversed the Supreme Court's order insofar as cross-appealed from, denied the petition, dismissed the proceeding on the merits, dismissed the complaint except for the fourth cause of action insofar as asserted against the City, confirmed the determination of the ZBA, and remitted the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that Haberman

was not entitled to the building permit issued on August 12, 2003, and, further, dismissed the appeal as academic in light of our determination on the cross appeals (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 35 AD3d 465 [2006]). The ruling was based solely upon this Court's finding that there was a rational basis for the ZBA's determination that the extension stipulation could not, without ratification by the ZBA, extend Haberman's time to apply for the building permits. This finding was dispositive of the matters at issue in the article 78 proceeding, and most of the claims seeking plenary relief.

Upon remittitur, since the issue of the timeliness of the application for the Building Permit has been decided in Haberman's favor, only one branch of the motions of the respondents/ defendants to dismiss the combined petition and complaint should have been granted—that of the City respondents'/ defendants' motion pursuant to CPLR 3211 (a) which was to dismiss the cause of action alleging fraud and misrepresentation against Ungar, the City's Corporation Counsel—as the cause of action failed to satisfy the specificity and particularity requirements of CPLR 3013 and 3016 (*see Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 646-647 [1989]).

As for the remainder of the combined petition and complaint, the respondents/defendants must be permitted to interpose an answer to both the article 78 petition and the plenary causes of action (*cf. Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]). Ritter, J.P., Santucci, Carni and Balkin, JJ., concur.