■ EDP HOSPITAL COMPUTER SYSTEMS, INC., Respondent, v BRONX-LEBANON HOSPITAL CENTER, Appellant. [880 NYS2d 349]—

In an action, inter alia, to recover damages for breach of an oral agreement, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated June 30, 2008, which denied its motion for summary judgment dismissing the amended complaint, or, in the alternative, to renew its prior motion for summary judgment dismissing the amended complaint, and to dismiss the amended complaint, in effect, pursuant to CPLR 3126, and on the ground of spoliation of evidence.

Ordered that the order is modified, on the law, by deleting the

provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the sixth cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Although this was the second time that the defendant moved for summary judgment, and although there is a "general proscription against successive summary judgment motions" (*Auffermann v Distl,* 56 AD3d 502, 502 [2008]), under the circumstances, the Supreme Court properly addressed the merits of the defendant's second motion for summary judgment, as the defendant averred that the motion was supported by newly-discovered evidence (*see Oppenheim v Village of Great Neck Plaza, Inc.,* 46 AD3d 527, 528 [2007]; *Staib v City of New York,* 289 AD2d 560, 561 [2001]).

Nevertheless, the Supreme Court properly denied the defendant's second motion for summary judgment dismissing the amended complaint, or in the alternative, to renew its prior motion for summary judgment dismissing the amended complaint, except the court erred in denying that branch of the defendant's second motion which was for summary judgment dismissing the sixth cause of action. On a prior appeal, upon reviewing the denial of the defendant's first motion for summary judgment dismissing the amended complaint, this Court found that, while the defendant established its prima facie entitlement to summary judgment by tendering evidence that the alleged oral agreement failed to comply with the provisions of General Obligations Law § 5-701 (a) (1), the plaintiff submitted "evidence of partial performance in reliance upon, and unequivocally referable to, the oral agreement," sufficient to raise a triable issue of fact (*EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr.,* 13 AD3d 476, 478 [2004]). Since the defendant's subsequent motion for summary judgment, except as to the sixth cause of action, was essentially based on the same arguments and facts it raised on its prior motion, this Court's prior determination constitutes the law of the case on those issues (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey,* 45 AD3d 809 [2007]; *Quinn v Hillside Dev. Corp.,* 21 AD3d 406, 407 [2005]). The evidence which was obtained after the defendant's first motion for summary judgment (*cf. Staib v City of New York,* 289 AD2d 560, 561 [2001]) included new evidence further establishing, prima facie, the defendant's entitlement to summary judgment dismissing the sixth cause of action which was for specific performance. In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also providently exercised its discretion (*see De Los Santos v Polanco,* 21 AD3d 397 [2005]) in denying that branch of the defendant's motion which was to dismiss the amended complaint, in effect, pursuant to CPLR 3126, and on the ground of spoliation of evidence. The defendant failed to make a clear showing that the plaintiff willfully and contumaciously failed to comply with discovery demands (*see* CPLR 3126 [3]; *Pulsone v North Shore Towers Apts. Inc.,* 29 AD3d 883 [2006]). Moreover, the defendant did not demonstrate that the loss of certain documents was the result of intentional or negligent spoliation (*see Pulsone v North Shore Towers Apts. Inc.,* 29 AD3d 883 [2006]; *Dennis v City of New York,* 18 AD3d 599, 600 [2005]).

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.