■ In the Matter of SINCLAIR HABERMAN et al., Appellants, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents, et al., Respondent. [942 NYS2d 571]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated December 29, 2003, which revoked a building permit previously issued to the petitioners/plaintiffs on August 12, 2003, and action, inter alia, for a judgment declaring that the petitioners/plaintiffs are entitled to the building permit, the petitioners/plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated September 13, 2010, as granted the motion of the respondents/defendants Zoning Board of Appeals of the City of Long Beach, Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorraine Divone, Michael Leonetti, the City of Long Beach, and Scott Kemins, as Commissioner of the Department of Buildings of the City of Long Beach pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the first and second causes of action in the third amended petition/complaint, and pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action in the third amended petition/complaint insofar as asserted against them.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted those branches of the motion which were pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the first and second causes of action in the third amended petition/complaint insofar as asserted against the respondents/defendants Zoning Board of Appeals of the City of

Long Beach, Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorraine Divone, Michael Leonetti, the City of Long Beach, and Scott Kemins, as Commissioner of the Department of Buildings of the City of Long Beach, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the respondents/defendants Zoning Board of Appeals of the City of Long Beach, Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorraine Divone, Michael Leonetti, the City of Long Beach, and Scott Kemins, as Commissioner of the Department of Buildings of the City of Long Beach, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the first and second causes of action in the third amended petition/complaint, and pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action in the third amended petition/complaint insofar as asserted against them is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In this hybrid CPLR article 78 proceeding and declaratory judgment action, the petitioners/plaintiffs (hereinafter the plaintiffs), among other things, challenge a determination of the Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA) dated December 29, 2003, which revoked a building permit issued on August 12, 2003, permitting the construction of a 10-story residential building, the second of four such buildings planned for a beachfront apartment complex for which a variance had been obtained in 1985. The permit was modified in 1989 by a stipulation between the parties (hereinafter the stipulation), and further revised in 1992 pursuant to an agreement (hereinafter the 1992 agreement). The building permit was revoked, inter alia, based on the ZBA's finding that the 1992 agreement extending the terms of the variances was unenforceable, because it had not been brought before the ZBA for ratification. The petition to revoke was filed by the respondent/defendant Xander Corp. (hereinafter Xander), the entity which now owns the only building of the proposed complex that was actually constructed.

In an order dated May 17, 2004 (hereinafter the 2004 order), the Supreme Court denied the separate motions of the City, the ZBA, the ZBA's members, and the Commissioner of the City's Department of Buildings (hereinafter collectively the City defendants), and Xander to dismiss the petition/complaint insofar as asserted against each of them. In that order, the Supreme

Court also granted the petition, annulled the ZBA's determination revoking the permit, and remitted the matter to the ZBA for further findings regarding the issue of whether the 1992 agreement extending the variances was enforceable. In a decision and order on motion dated December 5, 2006, made upon reargument, we reversed the 2004 order and denied the petition, concluding that the ZBA had a rational basis for concluding that the 1992 agreement was unenforceable (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 35 AD3d 465, 467 [2006]). At that time, that determination was dispositive with regard to all of the causes of action, except for that alleging breach of contract (*id.*). The Court of Appeals subsequently reversed, concluding that the 1992 agreement was enforceable, and that the ZBA was bound thereby, and remitted the matter to this Court "for consideration of issues raised but not determined" in the decision and order on motion that it had reversed (*Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 9 NY3d 269, 276 [2007]). Upon remittitur, this Court modified the 2004 order, granting only those branches of the motions which were to dismiss the cause of action alleging fraud and misrepresentation, and remitting the matter to the Supreme Court, Nassau County, rather than to the ZBA, to permit the defendants to interpose an answer to the petition/complaint. We otherwise affirmed the 2004 order, including the denial of those branches of the motions which were to dismiss the remaining causes of action (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 53 AD3d 490, 493 [2008]).

Upon remittal to the Supreme Court, the plaintiffs were granted leave to amend the petition/complaint. In the first, fifth, and sixth causes of action, the third amended petition/complaint (hereinafter the third amended complaint), asserted the same claims that had survived the motion to dismiss the prior petition/complaint, and added one new cause of action, designated as the second cause of action, which sought to annul the ZBA's determination based on an alleged conflict of interest on the part of the ZBA Chairman, Rocco Morelli. The City defendants moved pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the first and second causes of action, and pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action of the third amended complaint insofar as asserted against them.

"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (*J-Mar Serv. Ctr., Inc.*

*v Mahoney, Connor & Hussey*, 45 AD3d 809, 809 [2007]; *see Quinn v Hillside Dev. Corp.*, 21 AD3d 406, 407 [2005]; *Matter of Oak St. Mgt., Inc.*, 20 AD3d 571 [2005]; *Johnson v Incorporated Vil. of Freeport*, 288 AD2d 269 [2001]). The law of the case doctrine " 'operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law' " (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d at 809, quoting *Matter of Yeampierre v Gutman*, 57 AD2d 898, 899 [1977]; *see Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817 [2010], *cert denied* 562 US —, 131 S Ct 648 [2010]; *Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d 213, 217-218 [2009]; *EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr.*, 63 AD3d 665, 666 [2009]).

Contrary to the contention of the City defendants, in the decision and order on remittitur on the prior appeal (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 53 AD3d 490 [2008]), this Court did consider, and reject, their arguments challenging the viability of the plaintiffs' due process and breach of contract causes of action. Since this Court's decision and order on the prior appeal (*id.*) constituted the law of the case, and there has been no "showing of subsequent evidence or change of law," reexamination of the viability of those same causes of action, which are asserted in the first, fifth, and sixth causes of action, is foreclosed (*see Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d at 817; *Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d at 217-218; *EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr.*, 63 AD3d at 666; *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d at 809). Accordingly, the Supreme Court erred in granting those branches of the motion which were to dismiss those causes of action insofar as asserted against the City defendants.

The second cause of action, asserted for the first time in the third amended complaint, alleged that ZBA Chairman Rocco Morelli had a conflict of interest and, because of the conflict, conducted the public hearing held on the petition to revoke the building permit in a prejudicial manner. The alleged conflict was that, at the time of the public hearing and at the time the ZBA considered and granted Xander's petition to revoke the building permit, Morelli "was a rental tenant in the Xander Cooperative building and had an interest in seeing that the adjoining building was not erected." Thus, the second cause of action sought to annul the ZBA's determination on that ground.

In determining a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, "the court must afford the pleadings a liberal construction, take the

allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d at 19).

If Morelli was, as alleged, a tenant of Xander and, therefore, had a personal interest in the fate of the building permit to the extent that he would benefit from its revocation, the second cause of action sufficiently alleged that he should have disclosed this interest (*see* General Municipal Law § 809; Charter of City of Long Beach, art 2, § 18; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 278 AD2d 421, 423 [2000], *revd on other grounds* 97 NY2d 86 [2001]), that his alleged bias, as demonstrated in his questioning at the hearing, may have improperly influenced the ZBA, and that the ZBA's determination should, thus, have been annulled on that ground (*see* CPLR 7803 [3]; *Matter of Harris v New York State Div. of Parole*, 211 AD2d 205, 206-207 [1995]), and therefore stated a cause of action. Whether the plaintiffs can ultimately establish the conflict of interest allegations should not have been "part of the calculus in determining [the] motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d at 19).

Accordingly, the Supreme Court erred in granting that branch of the motion which was to dismiss the second cause of action in the third amended complaint insofar as asserted against the City defendants. Rivera, J.P., Chambers, Austin and Roman, JJ., concur.