(April 23, 2014)

ATLANTIC CAPITAL REALTY, Respondent, v CAYUGA CAPITAL MANAGEMENT, LLC, et al., Appellants. [983 NYS2d 860]—

In an action, inter alia, to recover a commission, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated December 3, 2012, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged in the complaint that it performed services which resulted in the defendants' purchase of a note secured by a mortgage on property located in Brooklyn. It alleged that the defendants agreed to pay it a commission for its services, but that they failed to pay the commission after purchasing the note. The defendants moved to dismiss the complaint based, in part, on their contention that the plaintiff cannot recover because it is not a registered securities broker. The Supreme Court dismissed only the cause of action predicated on a claim of conspiracy to defraud.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documen-

tary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Parkoff v Stavsky*, 109 AD3d 646, 647 [2013]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Benson v Deutsche Bank Natl. Trust, Inc.*, 109 AD3d 495, 497 [2013]). On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Felix v Thomas R. Stachecki Gen. Contr., LLC*, 107 AD3d 664 [2013]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]).

Here, even assuming that the documents relied upon by the defendants in support of that branch of their motion which seeks dismissal pursuant to CPLR 3211 (a) (1) qualify as documentary evidence (*see Fontanetta v John Doe 1*, 73 AD3d 78 [2010]), they do not "utterly refute" the factual allegations asserted in the complaint. In addition, contrary to the defendants' contention, the allegations of the complaint which assert a claim for damages as a result of the defendants' alleged breach of an agreement to pay an earned commission also clearly "fit within [a] cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Moreover, the question of whether the plaintiff will ultimately establish its entitlement to an earned commission is not a consideration for determining a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action (*see generally EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 94 AD3d 997, 1001 [2012]; *see also Securities & Exch. Commn. v Thompson*, 732 F3d 1151, 1161 [10th Cir 2013]; *United States v McKye*, 734 F3d 1104, 1108-1109 [10th Cir 2013]).

The defendants' remaining contentions are without merit. Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, and third causes of action. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.